IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VALTON VANOY BILLINGSLEY, #665802)
          **Petitioner,**       )
                            )
**v.**                      )          **3:05-CV-1545-N**
                            )
**DOUGLAS DRETKE, Director,**     )
          **Respondent.**     )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the court for consideration is Respondent's Motion to Dismiss as a party Respondent, filed on October 21, 2005. Respondent asserts that neither Douglas Dretke, Director of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), nor Brad Livingston, TDCJ Director, – the respondent party identified in the petition – are proper Respondents in this habeas corpus action, which challenges convictions for which Petitioner is presently on probation.[1]

The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). See

---

[1]    The Court substituted Douglas Dretke as respondent prior to issuance of the show cause order on August 25, 2005. For the reasons state herein, such substitution was erroneous.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 124 S.Ct. 2711, 2717 -2718 (2004) (confirming that there is generally only one proper respondent in a prisoner's habeas petition, and that the custodian is "the person" with the ability to produce the prisoner's body before habeas court).

Although Petitioner is presently confined within TDCJ-CID, he challenges only convictions for which he is presently on probation.  Therefore, the head of the probation department charged with supervising him is the proper respondent in this case.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be granted, that Respondent Dretke be dismissed and terminated as a party respondent, and that Dr. Jim Mills, Dallas County Community Supervision and Corrections Department, be substituted as the Respondent.

It is further recommended that this matter be re-referred to the Magistrate Judge for further proceedings.  The clerk will mail a copy of this recommendation to Petitioner and the Texas Attorney General's Office.

Signed this 27th day of October, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir.

1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.