IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTON VANOY BILLINGSLEY, #665802, | ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 3:05-CV-1545-N ECF |
| DR. JIM MILLS, Dallas County Community Supervision and Corrections Department, | ) ) ) ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order filed on January 27, 2006, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state inmate, seeking to challenge convictions for which he was sentenced to community supervision.

Parties:  Petitioner is presently incarcerated at the Goree Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is Dr. Jim Mills, the Director of the Dallas County Community Supervision and Corrections Department.  The Court has issued process to Respondent in this case.

Statement of the Case:  On January 29, 2004, Petitioner pled guilty to two counts of insurance fraud and one count of theft in Criminal District Court No. 3 of Dallas County, Texas,

Cause Nos. F03-18166, F03-01828, and F03-01829.  (See Respondent's Answer and Mot. to Dism. filed on April 3, 2006, A-1, B-1, and C-1).  The trial court sentenced Petitioner in Cause Nos. F03-01828 and F03-18166 to two years confinement in TDCJ-CID, probated for five years community supervision (straight probation) in each case.  (Id., Exh. A-1 and B-1).  In Cause No. F03-01829, the trial sentenced Petitioner to five years imprisonment in TDCJ-CID, probated for ten years community supervision (straight probation).  (Id., Exh. C-1).  Petitioner did not appeal.[1]

On December 21, 2004, Petitioner filed state habeas applications pursuant to Texas Code of Criminal Procedure article 11.07, raising the claims at issue in this case.  (Petition at ¶ 11). On June 29, 2005, the Texas Court of Criminal Appeals dismissed the state applications because "on the date [each] application was filed, community supervision had not been revoked." Ex parte Billingsley, WR-26,548-03 and 04 (white card attached to Respondent's Answer, Exhs. G and F).

In his federal habeas petition, filed on August 4, 2005, Petitioner alleges that his convictions for insurance fraud violate the double jeopardy clause because they contain the same criminal elements of his theft conviction.

Respondent filed an answer and motion to dismiss, seeking the dismissal of the petition on the merits and, in the alternative, dismissal without prejudice for failure to exhaust state remedies.  Petitioner filed a response/reply.

---

[1] Petitioner is presently confined within TDCJ-CID because the probated sentences noted above were used to revoke his parole on prior charges.  (See Petitioner's answers to Question 1-3 of the questionnaire filed on August 18, 2005).

Findings and Conclusions: It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. Shute v. State of Texas, 117 F.3d 233, 237 (5th Cir. 1997); Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 430-31 (5th Cir. 1985).

A habeas corpus petitioner who has been sentenced to community supervision may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the sentencing court in an application for a writ of habeas corpus pursuant to articles 11.05, 11.08, and 11.23, of the Texas Code of Criminal Procedure. Caldwell v. Dretke, 429 F.3d 521, 529 (5th Cir. 2005) (citing Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986); Ex parte Martell, 901 S.W.2d 754, 754 (Tex. App. San Antonio 1995)). In Caldwell, the Fifth Circuit concluded that a litigant serving a sentence on community supervision (straight probation), like the Petitioner in this case, "could not pursue collateral review under art. 11.07." Id., 429 F.3d at 529. The Circuit noted that "habeas relief under article 11.07 requires a final conviction," and that "[u]nder Texas law, probation is not a final conviction for these purposes." Id. at 529 n. 18.[2]

---

[2] A writ is also proper under Texas Code of Criminal Procedure Article 11.072 (Vernon Supp. 2006), which establishes writ procedures for an applicant who "seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1. See Ex parte Carbajal, 2004 WL 1772113, at 8 (Tex. App. -- El Paso, Aug. 5, 2004, pet ref.).

3

Petitioner has not satisfied the exhaustion requirement by presenting his claims to the highest state court for review. He has not sought habeas relief in accordance with the procedures set out in art. 11.05, 11.08, 11.23, and/or 11.072, Texas Code of Criminal Procedure. While he filed state habeas applications pursuant to art. 11.07, that provision was inapplicable to his cases and the Texas Court of Criminal Appeals dismissed his applications on jurisdictional grounds. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). It is axiomatic that to exhaust state court remedies, a petitioner must present his claims in a procedurally correct manner according to the rules of the state court. See McGee v. Estelle, 704 F.2d 764, 768 (C.A.Tex.,1983) (citing Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), and Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)). If he fails to do so, he has failed to give the state a fair opportunity to pass upon his claims. Id.

Because Petitioner has not presented his claims to the Texas Court of Criminal Appeals in a procedurally proper manner, that court has had no opportunity to review the claims raised herein. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. See Rose, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Therefore, the petition for a writ of habeas corpus should be dismissed for failure to exhaust state court remedies.[3]

---

[3] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court grant Respondent's motion to dismiss, and enter an order dismissing the petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner and to counsel for Respondent Dr. Jim Mills.

Signed this 26th day of April , 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

5